UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| The Independent Order of Foresters,<br><br>Plaintiff,<br><br>vs.<br><br>Estate of Susan Ryan, *et al.*,<br><br>Defendant. | Case No. 2:25-cv-01550-CDS-MDC<br><br>**ORDER GRANTING MOTION TO EXTEND TIME TO SERVE (ECF NO. 7)** |

Plaintiff filed a *Motion to Extend Time to Serve the Estates of Susan Ryan and Betty Fogel* ("Motion") (ECF No. 7). The Court **GRANTS** plaintiff's Motion for the reasons below.

## I.     BACKGROUND

This is an interpleader action where plaintiff seeks to interplead the "benefits of a universal life insurance certificate issued to decedent Susan Ryan that it agrees are presently due and payable, but which are subject to the potentially competing claims of [d]efendants." *ECF No. 7* at 1. Plaintiff filed this Motion following attempts to contact and serve defendants Estate of Susan Ryan ("Ryan Estate") and Estate of Betty Fogel ("Fogel Estate") (collectively "the Estates"). *See ECF No. 7*.

## II.    DISCUSSION

### A.    General Legal Principles

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to

1

reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

### C. Plaintiff Has Shown Good Cause For An Extension Of Time

Plaintiff argues for a 90-day extension from the time to serve the Estates. *ECF No. 7*. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. Plaintiff has been trying to contact the personal representatives and counsel of the Ryan and Fogel Estates in an attempt to have someone properly accept service on their behalf. *See ECF No. 7*. Defendants are currently working out an agreement to which a Ms. Gornick will receive the proceeds of the policy at issue. *See id.* Plaintiff is working with defendants to "reopen the Estates in Nevada so that they have personal representatives appointed and obtain approval of the agreed upon settlement by the probate court[,]" so that plaintiff can properly serve the Estates. *Id.* at 3. Given these ongoing efforts to work with Estates so that plaintiff can properly serve them, good cause appears to grant the Motion. Therefore, the Court grants plaintiff's request for an extension of time to serve the Estates and will have until April 13, 2026 to file proof of service.

ACCORDINGLY,

IT IS ORDERED that:

Plaintiff's *Motion to Extend Time to Serve the Estates of Susan Ryan and Betty Fogel* (ECF No. 7) is **GRANTED**. Plaintiff must file proof of service by **April 13, 2026**.

DATED: January 13, 2026

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.